IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SUZANNE DEVILLIER,<br><br>          Plaintiff,<br>vs.<br><br>LIGHTHOUSE PROPERTY INSURANCE CORPORATION, MID-AMERICA CATASTROPHE SERVICES, LLC, PHAROS CLAIMS SERVICE, LLC, and JOSHUA STORY<br><br>          Defendants. | No. 1:21-CV-00509-MJT |

**REPORT AND RECOMMENDATION REMANDING CASE**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge. On March 7, 2022, Judge Truncale referred Plaintiff Suzanne Devillier's *Motion to Remand* (Doc. No. 4) to the undersigned Magistrate Judge for recommended disposition. Doc. No. 11.

**I.  Background**

On September 7, 2021, Devillier filed this case in the 58th District Court of Jefferson County, Texas against her insurer, Lighthouse Property Insurance Corporation, as well as Mid-America Catastrophe Services, LLC, Pharos Claims Service, LLC, and adjuster Joshua Story for several insurance-related causes of action. Doc. No. 2. On October 8, 2021, Lighthouse filed its *Notice of Removal* to this Court based on diversity jurisdiction. Doc. No. 1. On October 13, 2021, Devillier filed her *Motion to Remand*. Doc. No. 4. On April 29, 2021, the undersigned issued an *Order to Amend Notice of Removal*, which ordered Lighthouse to amend its Notice of Removal to "distinctly and affirmatively allege" the citizenship of all parties to this lawsuit within ten days. Doc. No. 14. Ten days then passed, and Lighthouse never amended its Notice of Removal.

**II.     Law and Analysis**

Any federal court may raise subject matter jurisdiction *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level"). By issuing the *Order to Amend Notice of Removal* (Doc. No. 14), the undersigned raised the issue of subject matter jurisdiction.

When an issue of subject matter jurisdiction arises, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Because the removal statute should be strictly construed in favor of remand, "[a]ny ambiguities are construed against removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). A party invoking diversity jurisdiction must properly allege that "the citizenship of all plaintiffs" are "different from the citizenship of all of the defendants." *Id*. The criteria used to determine the citizenship of corporations differs from the criteria used to determine the citizenship of an unincorporated association or LLC. *See* 28 U.S.C. § 1332(c); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Lighthouse did not identify whether Mid-America and Pharos were corporations or LLCs; it alleged only that they were out-of-state "entities." Doc. No. 1.

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Limited liability companies and other unincorporated associations or entities take on the citizenship of all of their members.

2

*See Harvey*, 542 F.3d at 1080. So, an unincorporated association will be a citizen of multiple states if its members are citizens of multiple states. *See id.* Lighthouse did not identify whether Mid-America and Pharos were corporations or unincorporated associations, and it did not explain how it determined their citizenship. It failed to identify their states of incorporation or principal places of business; if Mid-America and Pharos are unincorporated associations, then Lighthouse failed to list the citizenship of any of their members. In sum, Lighthouse, as the removing party, did not meet its burden of establishing that the parties are diverse.

The *Order to Amend Notice of Removal* gave Lighthouse ten days to amend its Notice of Removal. Doc. 14. The order also warned that failure to amend could result in the remand of the action. *Id*. During the following ten days, Lighthouse could have made changes to its notice to distinctly and affirmatively allege the citizenship of all parties, including Pharos and Mid-America. Despite this opportunity, Lighthouse made no changes and failed to establish that diversity of jurisdiction exists.

### III. Recommendation

Because Lighthouse neither met its burden of establishing that the parties were diverse in its *Notice of Removal* nor amended its notice within the timeframe given in the *Order to Amend Notice of Removal*, the undersigned recommends **REMANDING** the case for lack of subject matter jurisdiction.

### IV. Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. §

636(b)(1)(c); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 23rd day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge